IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Escuela de Medicina San Juan Bautista, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Liaison Committee on Medical Education; Association of American Medical Colleges d/b/a Liaison Committee on Medical Education; American Medical Association d/b/a Liaison Committee on Medical Education, <br><br> Defendants. | CIVIL NO. 11-2014 (GAG) |

**ORDER**

Upon review and consideration of the parties' memoranda regarding the issuance of a preliminary injunction (Docket Nos. 2, 32, & 44) the court rules as follows:

Due to the time sensitive nature of the proceedings, the court will focus on the federal common law right of due process claim alleged by the San Juan Bautista School of Medicine ("SJB"). The claims of negligence, breach of contract and tortious interference are not being considered at this time. Those claims are being set aside until the resolution of further administrative proceedings.

I.   **Accreditation and Appeals Panel Background**

SJB claims the process employed by the Liaison Committee on Medical Education ("LCME") to withdraw its accreditation violated the Higher Education Act ("HEA"). Pursuant to the power given to the Department of Education ("DOE") in 34 C.F.R. § 602.1, the DOE recognizes LCME as the only accrediting body of medical

institutions within the U.S. and its territories. (See Docket No. 33-3 at ¶ 3.) LCME publishes accreditation standards that medical schools must satisfy in order to obtain and sustain accreditation. (See Docket No. 33-4.) After voting to withdraw its accreditation of a school, LCME provides the school with a written report documenting the reasons and the basis for the decision. (See Docket No. 33-7.) That notice also advises the school of its right to appeal to a three member panel. (See Docket No. 33-6.) Two members of the appeals panel shall be educators or practitioners and the third member shall be a representative of the public. (See Docket No. 33-6.) An appeals process is mandated by 20 U.S.C. § 1099b, which states an accrediting association, "shall establish and apply review procedures throughout the accrediting process, including evaluation and withdrawal proceedings, which comply with due process procedures . . ." 20 U.S.C. § 1099b(a)(6). Specifically, the appeals panel, "shall not include current members of the agency's or association's underlying decisionmaking body that made the adverse decision." 20 U.S.C. § 1099b(a)(6)(C)(i). This statutory provision is provided for in the Code of Federal Regulations which states the appeal panel, "May not include current members of the agency's decision-making body that took the initial adverse action." 34 C.F.R § 602.25(f)(1)(i).

After seeking accreditation on multiple occasions, SJB received conditional accreditation on June 15, 2007. (See Docket No. 33-8.) In response to a March, 2011 bankruptcy filing by San Juan Bautista Medical Center ("Medical Center"), LCME decided to arrange a site visit to investigate the clinical experiences of SJB students.[1]

---

[1] The Medical Center is a separate entity from SJB. The Medical Center is the hospital that provides SJB's students with clinical experiences. Any change in the status of the Medical Center would effect the quality of education for the students of SJB.

LCME held a meeting on June 7-9, 2011, at which it reviewed the site visit report for SJB, and unanimously voted to withdraw SJB's accreditation. (See Docket No. 33-3 at ¶ 25.) SJB notified LCME of it intention to appeal that decision in a letter dated September 2, 2011. (Docket No. 33-17). The appeal was heard September 12, 2011 in front of a panel consisting of Dr. Robert Tally, Dr. Donna Waechter, and Linda Golodner ("Golodner"). (See Docket No. 33-18.) Drs. Tally and Waechter are medical school educators, while Golodner was the public representative on the panel. (See id.; Docket No. 33-3 at ¶ 28.)

During the LCME meeting of February 1-3, 2011, before SJB's appeal was heard, Golodner received a unanimous vote to be appointed a member of the LCME. (See Docket No. 33-2 at ¶ 6.) Her term began on July 1, 2011, but she was invited to observe the June 7-9, 2011 meeting as part of her orientation. Id. Dr. Dan Hunt ("Hunt") contacted Golodner prior to the June 7-9, 2011 meeting to inform her that she must leave the meeting during the discussion of SJB's accreditation status. (See Docket No. 33-2 at ¶ 9.) Golodner left the meeting during that discussion. (See Docket No. 32-2 at ¶ 10.) Following the decision by LCME to withdraw SJB's accreditation, Hunt asked Golodner to serve on the appeals panel if SJB appealed the decision. (See Docket No. 33-2 at ¶ 11.) Golodner did not discuss SJB's accreditation with the other LCME and she did not receive any information about the school during the June 7-9, 2011 meeting. (See Docket No. 33-2 at ¶ 10.)

**II.   Analysis**

The question before the court is whether Golodner's presence on the appeals panel constitutes a violation of the HEA, and therefore deprived SJB of its federal common law due process rights. For the reasons stated below, the court finds Golodner's

presence on the appeals panel did constitute a violation of the HEA and that this violation deprived SJB of its federal common law due process rights.

The HEA, 20 U.S.C. § 1099b(a)(6), requires all review procedures to comply with due process. (See 20 U.S.C. § 1099b(a)(6).) The statute includes seven sections, with various subsections, that detail requirements for review procedures. Id. at § 1099b(a)(6)(A)-(G). In 2008, Congress amended the HEA to include § 1099b(a)(6)(C). See Higher Education Opportunity Act, Pub. L. No. 110-315, 122 Stat. 3326. Similarly, the Code of Federal Regulations disqualifies current members of the agency's decisionmaking process from serving on an appeals panel. The meaning of these sections are plain and unambiguous. A current member of LCME may not serve on the appeals panel for SJB because LCME was the association that voted to withdraw SJB's accreditation.

LCME argues this language means that only a member who actively participated in the underlying decision to withdraw accreditation from SJB should be disqualified from membership on the appeals panel. (See Docket No. 33 at 36.) LCME urges the court to examine the legislative history of the statute in order to construct this meaning. Id. However, the court declines to analyze the legislative history because by its plain language, the statute prohibits current LCME members from participation on SJB's appeals panel. Only when a statute is ambiguous should the court look to congressional intent in order to interpret a statute. See Recovery Group, Inc. v. C.I.R., 652 F.3d 122, 125 (1st Cir. 2011) (stating court must apply plain and unambiguous meaning of statute unless it would lead to absurd results). The court's interpretation leads to rational results. The essence of due process is the opportunity to have a fair and impartial hearing. An appeals board that consists of members of the underlying association, whether they

participated in the initial decision or not, does not demonstrate impartiality. While there is no evidence of improper conduct in this case, one can draw the inference that the decision to uphold LCME's decision was due to the LCME membership of one of the appeals panel members. This member could have tainted the decision process of the panel.

The court distinguishes the case at bar from two cases relied upon by Defendants. First, Hiwassee Coll., Inc. v. S. Ass'n of Colls. & Schs., Inc., 490 F.Supp.2d 1348 (N.D. Ga. 2007) was decided prior to the enactment of the 2008 amendments to § 1099b, and is therefore of little value. Second, in Thomas M. Cooley Law School v. Am. Bar Ass'n, 459 F.3d 705 (6th Cir. 2006), the court held the HEA does not provide for a private cause of action. See id. at 710. However, that court did allow claims alleging violations of federal common law due process. See id. at 711-12. LCME's reliance on this case to hold that violations of the HEA cannot lead to a cause of action for violations of common law due process is misplaced.

The court finds the better interpretation of the statutory provisions leads the court to hold that SJB properly brought claims alleging violations of its federal common law due process rights. SJB demonstrates this violation by showing a member of the appeals panel was a current member of LCME. Golodner's service on the appeals panel, while a current member of LCME, violated the HEA.

Therefore, the court vacates the appeals panel decision affirming the withdrawal of SJB's accreditation. The court further orders LCME to appoint a new appeals panel to review SJB's appeal *ab initio*. This appeals panel shall not include any members of the previous panel, consisting of Drs. Tally and Waechter and Golodner.

The new appeals panel shall decide the appeal on or before November 21, 2011. This court retains jurisdiction to address all issues already raised in this case by plaintiff, once the new panel issues its ruling.

The court advises the parties that by ordering de novo appellate review of SJB's withdrawal of accreditation, it is not ordering the accreditation of the medical school. The status quo –SJB remains without accreditation– is presently in effect.

The court further commends counsel on both sides for their well-researched and redacted briefs. They have been of extreme value to the court.

**SO ORDERED.**

In San Juan, Puerto Rico this 28th day of October, 2011.

*S/Gustavo A.Gelpí*
GUSTAVO A. GELPI
United States District Judge